The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Edward Garner Jr. and the brief filed by defendant. Plaintiff did not file a Form 44 or brief with the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
 ************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on October 28, 1996 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between plaintiff and the Defendant-Employer.
3. The Defendant-Employer is self-insured.
4. Plaintiff's average weekly wage is as set forth on the Form 22(wage chart).
5. Plaintiff suffered an injury on March 2, 1994, resulting to an injury to his right arm and head.
6. Defendant-Employer has denied liability.
7. The issue to be determined by the Commission is whether plaintiff in fact suffered from an injury by accident or did the accident result from the willful intent of plaintiff to injure himself.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On March 2, 1994, plaintiff was employed by defendant-employer as a laborer at defendant's wood plant.
2. On March 2, 1994, plaintiff was injured by a wood chipper at defendant's plant in Henderson, North Carolina.
3. This incident was witnessed by Mr. Carlos Maldonado, a co-worker. Mr. Maldonado saw plaintiff attempt to throw himself into the mouth of the wood chipper. However, this attempt was unsuccessful, and plaintiff then stood back up and again threw himself into the mouth of the wood chipper at which time he sustained injuries to his hand and head.
4. Following the incident, plaintiff was treated at Parham Hospital in Henderson, North Carolina, and at the Duke University Medical Center in Durham, North Carolina.
5. The emergency room nurse's note from Parham Hospital states that plaintiff was alert and that he said that he "got nervous at work and attempted suicide today." The Duke University Medical Center Critical Care Transport record states that plaintiff "admitted he felt nervous at work and attempted suicide today." The Duke University Respiratory Care Services record states that plaintiff "got nervous and put right hand and head into industrial wood chipper." This discharge summary from the Duke University Medical Center's Division of General Surgery states that plaintiff "reportedly intentionally thrust himself into a wood-chipper."
6. Psychiatric note on the afternoon of March 4, 1994 states that plaintiff "has evidence of psychosis recently which led to suicide attempts," but that he now "says he felt safe at the hospital and would not try to kill himself."
7. A Duke University Medical Center record dated March 2, 1994, indicates that plaintiff's family was present and that medical personnel had spoken with the mother of plaintiff's girlfriend regarding his suicidal tendencies and the events prior to his admission. A record from the Duke University Medical Center dated March 3, 1994, and signed by a registered nurse, reflects that plaintiff stated "please decrease my life, I do not want to live anymore", and that plaintiff was reassured that he was being taken care of and "that his family was all here, because they care about him."
8. Another record dated March 4, 1994, indicates that plaintiff had stated to the registered nurse on duty that he "wanted to die."
9. An anesthesia pre-operative evaluation report dated March 5, 1994, states that plaintiff had attempted suicide by throwing himself into a wood chipper and expressly reflects that plaintiff's girlfriend was acting as an interpreter for plaintiff. A psychiatric note dated March 7, 1994 states that plaintiff was now contending that he was not trying to kill himself when the accident occurred but was instead trying to remove a stick from the wood chipper. He did however, admit to having tried to kill himself on February 26, 1994 when he ran into a plate glass window. A psychiatric note dated March 8, 1994, reflects that while plaintiff denied that he wanted to hurt himself or kill himself on that time, he "agrees to tell someone if his nervousness returns or if he feels like hurting himself". This note also reflects that plaintiff's girlfriend informed the doctors that plaintiff seemed to be "more like himself" and "getting back to normal" and that plaintiff had previously described "feeling nervous."
10. On the weekend before the incident, plaintiff had attempted to kill himself which he claimed was the result of smoking marijuana. The medical records from the local hospital reflect that the patient was at a girlfriend's home, began reading a Bible, asked for a knife, and when a friend tried to stop him from harming himself, plaintiff jumped through a window and stabbed himself in the chest and arm with a broken piece of glass. When a police officer tried to restrain plaintiff, he assaulted the officer and stated that he "wanted to be with God."
11. The evidence in this case clearly establishes that plaintiff was injured as a result of his willful intention to commit suicide. This is reflected in the medical records and also by the eye witness who observed the incident.
 ***********
Based upon the foregoing and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C.G.S. § 97-12(3) provides, in pertinent part, that no compensation shall be payable for an injury to the employee which is proximately caused by his willful intention to injure or kill himself or another.
2. N.C.G.S. § 97-12(3) creates an affirmative defense to a claim under the Workers' Compensation Act and, in order to be successful, requires a finding that a claimant had the willful intention to injure or kill himself or another and that this intention was the proximate cause of the employee's injuries.Rorie v. Holly Farms Poultry Company, 306 N.C. 706,295 S.E.2d 458 (1982).
3. Since the employee in this case willfully intended to injure himself, he is not entitled to benefits under the Workers' Compensation Act. N.C.G.S. § 97-12(3)
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ______________ DIANNE C. SELLERS COMMISSIONER
S/ ______________ THOMAS J. BOLCH COMMISSIONER